IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30473
Conference Calendar
_____


JEANIE J. JACKSON,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER,
Commissioner of Health
and Human Services

Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 91-CV-1534
- - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Jeanie J. Jackson argues that this court should award her disability and supplemental security income benefits because the Commissioner was bound by the Railroad Retirement Board's (RRB) determination that she is disabled from performing substantial gainful activity.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

In our review of the Commissioner's decision, we may not examine new evidentiary materials, but are "limited to determining whether to remand for the consideration of newly presented evidence" by the Commissioner. Haywood v. Sullivan, 888 F.2d 1463, 1471 (5th Cir. 1989). We may remand for consideration of additional evidence "`upon a showing that there is new evidence which is material and that there is good cause shown for the failure to incorporate such evidence into the record in a prior proceeding.'" Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994) (citing 42 U.S.C. § 405(g)).

The decision of the RRB was "new" evidence because it was rendered after the administrative law judge rendered his decision. The decision is "material" because there is "a reasonable possibility that it would have changed the outcome of the [Commissioner's] determination." Id. at 483. Although not bound by the decision of another agency, the Commissioner "is required to consider and accord `great weight' to a determination by [another agency] that a claimant is disabled." Johnson v. Sullivan, 894 F.2d 683, 686 (5th Cir. 1990) (citation omitted).

However, Jackson has not attempted to show or shown that she had good cause for failing to submit the evidence to the Commissioner prior to the Appeals Council's denying her request for review. The RRB issued its decision on February 28, 1991. The Appeals Council did not deny the request for review until May 13, 1991. Jackson had an adequate opportunity to present the new evidence to the Appeals Council prior to its decision and failed to do so. Therefore, Jackson is not entitled to a remand of the

case to the Commissioner for the consideration of the RRB decision.

Jackson has not challenged the district court's finding that the Commissioner's decision was supported by substantial evidence. Thus, she has abandoned such issue on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The judgment of the district court is AFFIRMED.